IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY ALLEN, #291-481      :

    Plaintiff      :

v      :      Civil Action No. L-09-3212

WARDEN      :

    Defendant      :

**MEMORANDUM**

Pending is Defendant's unopposed Motion for Summary Judgment.[1] Paper No. 15. No hearing is needed to resolve the pending Motion. See Local Rule 105.6 (D. Md. 2008). For the foregoing reasons, the Court will, by separate Order, GRANT Defendant's Motion for Summary Judgment.

**I. Background**

On or about December 2, 2009, Jerry Allen ("Allen") filed this civil rights complaint pursuant to 42 U.S.C. §1983, seeking to bring criminal charges against the Warden and two correctional officers as well as the dozen or so prisoners involved in a September 30, 2009, chow hall melee in which he sustained injury. Allen also alleges his "life could be in danger" because prison officials "keep placing inmates in [his] cell." With regard to that claim, Allen seeks to be placed on single-cell status or transferred to another prison.

Allen alleges that he was a victim during the chow hall incident, yet was charged and convicted with violations of institutional rules. It is Allen's contention that Correctional Officer

---

[1] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on May 20, 2010, the Clerk notified Plaintiff that: Defendant had filed a dispositive motion; he was entitled to file opposition materials; and his failure to file an opposition or to show a genuine dispute of material fact would result in the dismissal of his case. Paper No. 16.

McKenzie and Lt. McKenzie falsely identified him as a participant in the melee while knowing he was not involved and in fact sought to escape the situation despite injuries which knocked him to the ground. Allen indicates a video of the incident supports his version of events, and speculates the recording will disappear. He further complains his punishment is unjust.

## II. Motion for Summary Judgment

### A. Standard of Review

**Summary Judgment**

> Fed. R. Civ. P. 56(c) provides that:
>
> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

See Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**III. Analysis**

The parties agree that on September 30, 2009, a few minutes before noon, two separate fights broke out between a dozen or so prisoners in Dining Hall #3.[2] There is no dispute that Allen was injured by one or more fellow prisoners during the incident, sustaining lacerations to his lip and a broken tooth that later required extraction, and there is no suggestion that the medical attention provided to him was inadequate.

The parties also agree that Allen was not identified as an instigator in the fights.[3] As noted in Officer Joseph McKenzie's Notice of Infraction:

> On 9/30/09 while observing inmates in chow hall #3 I Officer J. McKenzie heard a noise to my right side, when I turned I observed a group of about 6 inmates fighting. I then called at 10-10 via radio in the chow hall. When I responded to the crowd I ordered them to the ground and they did not comply. I then applied mace to approximately 6 inmates, they then got on the floor. At that time I observed inmate Allen, Jerry #291481, later identified by state I.D. shove an inmate away and then turn and try to get in the chow line with blood comeing [sic] from his mouth. I ordered Allen to the ground, he refused and was then maced and complied. As I was cuffing Allen another fight broke out toward the entrance door with about 6 more inmates they were all also maced, put on the ground, then escorted to medical. I escorted inmate Allen to medical after everything was controlled. All inmates were identified by their ID's at medical.

---

[2] Only the first fight, which occurred near Allen, is at issue here. Allen was given an opportunity to provide a statement on the day of the incident, but like other prisoners charged in connection with the incident, refused to do so.

[3] A video of the dining hall does not provide clarity as to what occurred. The stationary camera was focused on the opposite end of the dining hall and showed grainy images of prisoners receiving trays and sitting in groups at tables. Those individuals suddenly stood and turned to face the opposite end of the hall. By the time the camera panned to the other end of the hall, the fighting had stopped and corrections personnel were cuffing prisoners one at a time, helping each to his feet from a position on the floor, and escorting each out of the dining hall. It is impossible to discern the features of any of the individuals seen in the tape.

Officer McKenzie charged Allen with violating Rules 100, [4] 102[5] and 400.[6] At his October 5, 2009, hearing, Allen testified that he had been struck with a food tray while standing in the chow line and was an innocent bystander. Officer J. McKenzie's Notice was entered into the record. The hearing officer accorded McKenzie's statement greater weight, and noted McKenzie "clearly indicate[d] that after the inmate involved in the altercation had been maced and layed on the floor, CO McKenzie observed Allen shove another inmate." The hearing officer found the shove constituted a violation of Rule 102. Allen admitted he heard the officer say "Allen get on the floor." Although Allen states in his complaint that he was "never directly maced and never was treated for mace,"[7] the hearing officer credited McKenzie's report that he used pepper spray to get Allen to comply and drop to the floor, and found Allen guilty of Rules 100 and 400. Allen received a total of 180 days segregation, with 30 days spent on cell restriction, and loss of visiting privileges for an indefinite period of time. No good conduct credits were deducted from his anticipated date of release from confinement.

Under 42 U.S.C. § 1983, Allen must establish violation of a Constitutional right or federal law. See Baker v. McCollan, 443 U.S. 137 (1979). Prisoners have a liberty interest where good-time credits are lost (thus lengthening the amount of time to be served), or where actions are taken that unexpectedly exceed the scope of their sentence. In these circumstances, the procedural protections of the Due Process Clause come into play. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Where these contingencies are not implicated, prisoner due process

---

[4] Rule 100 concerns involvement in any manner with a disruptive activity, and may include demonstration, unauthorized assembly, or disturbance. See Division of Correction Directive (DCD) 105-5.

[5] Rule 102 concerns assault or battery on another prisoner. Id.

[6] Rule 400 concerns disobeying a direct lawful order. Id.

[7] All prisoners allegedly involved in the incident were offered showers due to possible exposure to mace. The Use of Force Report indicates Allen was exposed to mace. The medical records do not indicate that Allen was treated for exposure to mace.

rights will be found based on mandatory language in state law or regulations that create enforceable expectations,[8] and the adverse action imposes "atypical and significant hardship...in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Such contingencies are not implicated here.

Allen's claim that the disciplinary charges placed against him should not have resulted in adjustment conviction is likewise unavailing. Due process was afforded to him respecting his adjustment proceeding, see Wolff v. McDonnell, 418 U.S. 539, 563 (1974), and the record demonstrates that Allen received written notice of the infractions, the right to call witnesses and present evidence, and a hearing. His substantive due process rights were met in that the disciplinary hearing decision was based upon "some evidence" submitted before the hearing officer. See Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445 (1985). The unsubstantiated, bald allegation that the outcome of a disciplinary hearing was based on false testimony does not state a cognizable civil rights claim. See Kelly v. Cooper, 502 F.Supp. 1371, 1376 (E.D.Va. 1980); see also Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (claim of retaliation is not supported by mere conjecture). Nothing more is constitutionally required.

Allen's complaint that he is in danger as a result of the September 30, 2009, incident has been investigated by his housing unit manager and found to be unsubstantiated. He has not informed his case manager of any basis for such claims. The prisoners named in the melee have been interviewed, and none claims that any of their peers involved that day are their enemies. Allen has failed to demonstrate an Eighth Amendment violation based on a risk of specific harm as required under Farmer v. Brennan, 511 U.S. 825, 837 (1994).

---

[8] See Wolff v. McDonnell, 418 U.S. 539, 545 n. 5 (1974); see also Meachum v. Fano, 427 U.S. 215, 228 (1976).

5

Finally, Allen's request that correctional personnel be criminally prosecuted for their involvement in his adjustment proceeding cannot be granted. First, there is no factual basis for seeking their prosecution. Furthermore, Allen has no freestanding right to seek the prosecution of others. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Otero v. United States Attorney General, 832 F.2d 141 (11th Cir. 1987).

**IV. Conclusion**

For the foregoing reasons, the Court will, by separate Order:

(i)   Grant Defendant's Motion for Summary Judgment (Paper No. 15);

(ii)  ENTER judgment in favor of Defendant and against Allen; and

(iii) DIRECT the Clerk to CLOSE the case.

Dated this 22nd day of June 2010.

/s/
_____
Benson Everett Legg
United States District Judge